Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Andrew S. Chung (AC 1988)
achung@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone: (212)873-0250
Facsimile: (646)395-1585
*Attorneys for Plaintiff
Off-White LLC*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>BAODING SPRINGRU TRADE CO., LTD., CIXI KANGXING SHOES CO., LTD., DONGGUAN CITY DANDAN GARMENTS CO., LTD., DONGGUAN CITY SHENGSHI GARMENT CO., LTD., DONGGUAN RAINBOW TOUCHES GARMENT CO., LTD., GUANGZHOU QIAN SHI TRADE CO., LTD., HANGZHOU MEDO IMPORT AND EXPORT CO., LTD., HEFEI ZHUYUN INTERNATIONAL TRADE CO., LTD., HENGXING CAPS & GARMENTS CO., LTD. (GREAT CAREER), NANCHANG DONGCHU GARMENTS CO., LTD., NANCHANG PUTE | **Civil Case No.: 19-cv-674**<br><br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING LIMITED EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

| GARMENT CO., LTD., QUANZHOU BINFENG IMPORT AND EXPORT CO., LTD., QUANZHOU CARRE BAG & CASE CO., LTD., QUANZHOU WINNER ECOMMERCE CO., LTD., SHANGHAI CHONGTA PET PRODUCTS CO., LTD., SUZHOU DREAMCOLOR TEXTILE CO., LTD., XIAMEN HUILI BEAUTY CO., LTD., XIAMEN NAJ COMMERCIAL BUSINESS CO., LTD., YIWU SHOUCHEN RIBBON FACTORY, YIWU XIZHUO E-COMMERCE CO., LTD., and ZHUJI BETOP KNITTING CO., LTD., |
|---|

Defendants.

On this day, the Court considered Off-White's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants Baoding Springru Trade Co., Ltd., Cixi Kangxing Shoes Co., Ltd., Dongguan City Dandan Garments Co., Ltd., Dongguan City Shengshi Garment Co., Ltd., Dongguan Rainbow Touches Garment Co., Ltd., Guangzhou Qian Shi Trade Co., Ltd., Hangzhou Medo Import And Export Co., Ltd., Hefei Zhuyun International Trade Co., Ltd., Hengxing Caps & Garments Co., Ltd. (Great Career), Nanchang Dongchu Garments Co., Ltd., Nanchang Pute Garment Co., Ltd., Quanzhou Binfeng Import And Export Co., Ltd., Quanzhou Carre Bag & Case Co., Ltd., Quanzhou Winner Ecommerce Co., Ltd., Shanghai Chongta Pet Products Co., Ltd., Suzhou Dreamcolor Textile Co., Ltd., Xiamen Huili Beauty Co., Ltd., Xiamen NAJ Commercial Business Co., Ltd., Yiwu Shouchen Ribbon Factory, Yiwu Xizhuo E-Commerce Co., Ltd. and Zhuji Betop Knitting Co., Ltd. (hereinafter collectively referred to as "Defendants" or individually as "Defendant"), Third Party Service Providers (as defined *infra*) and Financial Institutions (as defined *infra*) in light of Defendants' intentional and willful offerings for sale and/or sales of

2

Infringing Products (as defined *infra*) ("Application").[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts. Having reviewed the Application, Declarations of Jessica Arnaiz, Virgil Abloh and Mary Kate Brennan, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

Plaintiff has submitted evidence to the Court indicating the following:

1. Plaintiff Off-White, launched in or about 2013, is the owner of a lifestyle streetwear line of men's and women's apparel, as well as accessories, jewelry, furniture and other ready-made goods (collectively, "Off-White Products") which are distributed through various channels of trade in the United States and abroad.

2. The Off-White Products are marketed under the trademarks Off-White™ and Off-White c/o Virgil Abloh™ ("Off-White Brand"). The Off-White Brand is recognized for its graphic and logo-heavy apparel designs, specifically a design mark comprised of alternating parallel diagonal lines ("Off-White Diagonal Design") and a design mark comprised of two intersecting dual-sided arrows ("Off-White Arrow Design") in addition to the use of Off-White. Since at least as early as 2013, the Off-White Diagonal Design has been, and currently still is, applied to the Off-White Products themselves, and since at least as early as 2016, the Off-White Arrow Design has been, and currently still is, applied to the Off-White Products themselves (collectively, "Off-White Trade Dress"). The Off-White Trade Dress is also applied to tags, labels, containers, packaging and displays for the Off-White Products.

3. The Off-White Products are sold at luxury retailers such as Barneys, Selfridges and Bergdorf Goodman, as well as Off-White's boutiques located in numerous cities around the world.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

3

1. Since the launch of Off-White approximately six (6) years ago, the Off-White Brand and Off-White Products have been featured in numerous press publications.

4. While Off-White has gained significant common law trademark and other rights in its Off-White Marks (as defined *infra*) and Off-White Products through use, advertising and promotion, Off-White also protected its rights by filing for and obtaining federal trademark registrations.

5. For example, Off-White owns U.S. Trademark Registration No. 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012 (the "Off White Word Mark Registration"). Off-White also owns U.S. Trademark Registration of [image], U.S. Trademark Registration No. 5,150,712, for a variety of goods in Class 18 and Class 25 (the "Off-White Horizontal Diagonal Mark Registration") and the U.S. Trademark Registration of [image], U.S. Trademark Registration No. 5,307,806, for a variety of goods in Class 18 and Class 25 (the "Off-White Vertical Diagonal Mark Registration") (collectively, the "Off-White Diagonal Mark Registrations"). Additionally, Off-White owns the U.S. Trademark Registration for [image], U.S. Trademark Registration No. 5,387,983, for a variety of goods in Class 25 (the "Off-White Arrow Mark Registration"), U.S. Trademark Registration No. 5,572,836 for "Off White C/O Virgil Abloh" for a variety of goods in Class 25 (the "Off-White C/O Virgil Abloh Word Mark Registration") and U.S. Trademark Registration of [image], U.S. Registration No. 5,445,222 for a variety of goods in Class 25 (the "Off-White Arrow Mark with Horizontal Bar

Registration"). Off-White also applied for registration of ![arrow mark], which is covered by U.S. Trademark Serial Application No. 88/080,002 for a variety of goods in Class 25 (the "Off-White Arrow Mark with Leaves Application"), U.S. Trademark Serial Application No. 88/041,456 for ![zip tie], for a variety of goods in Class 18 and Class 25 (the "Off-White Red Zip Tie Application"), U.S. Trademark Serial Application No. 88/247,568 for ![off logo], for a variety of goods in Class 09 and Class 25 (the "Off-White Off Off Application") and U.S. Trademark Serial Application No. 87/913,823 for ![bar and arrows], for a variety of goods in Class 25 (the "Off-White Vertical Bar Adjacent to Two Arrows Application") (hereinafter, the Off-White Brand, Off-White Trade Dress, Off White Word Mark Registration, Off-White Diagonal Mark Registrations, Off-White Arrow Mark Registration, Off-White C/O Abloh Word Mark Registration, Off-White Arrow Mark with Horizontal Bar Registration, Off-White Arrow Mark with Leaves Application, Off-White Red Zip Tie Application, Off-White Off Off Application and Off-White Vertical Bar Adjacent to Two Arrows Application are collectively referred to as the "Off-White Marks").

6. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products (collectively referred to as, "Infringing Product(s)"

or "Infringing Product(s)") through accounts with online marketplace platforms such as Alibaba.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") (*see* **Schedule A** for links to Defendants' Merchant Storefronts and listings for Infringing Products);

7. Defendants are not, nor have they ever been, authorized distributors or licensees of the Off-White Products. Neither Off-White, nor any of Off-White's authorized agents, have consented to Defendants' use of the Off-White Marks, nor has Off-White consented to Defendants' use of any identical or confusingly similar marks;

8. Off-White is likely to prevail on at least one of its Lanham Act claims and related common law claims at trial;

9. As a result of Defendants' likely infringements, Off-White, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Off-White's Application for *ex parte* relief is granted:

   a. Defendants have offered for sale and sold substandard Infringing Products that infringe the Off-White Marks;

   b. Off-White has well-founded fears that more Infringing Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Off-White's reputation and goodwill; and that Off-White may suffer loss of sales for its Off-White Products; and

   c. Off-White has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products or other goods that infringe the Off-White Marks, the means of obtaining or manufacturing such Infringing Products,

6

and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Off-White's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Off-White Marks, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Off-White Marks and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence;

10. The balance of potential harm to Defendants of being prevented from continuing to profit from their likely unlawful and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Off-White, its business, the goodwill and reputation built up in and associated with the Off-White Marks and to its reputations if a temporary restraining order is not issued;

11. Public interest favors issuance of the temporary restraining order in order to protect Off-White's interests in and to its Off-White Marks, and to protect the public from being deceived and defrauded by Defendants' Infringing Products;

12. Off-White has not publicized its request for a temporary restraining order;

13. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

14. If Defendants are given immediate notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Off-White Marks. Therefore, good cause exists for granting Off-White's request for an asset restraining order. It typically takes Financial Institutions a minimum of five (5) days after service of the Order (as defined *infra*) to locate, attach and freeze Defendants' Assets (as defined *infra*) and/or Defendants' Financial Accounts (as defined *infra*) and online marketplace platforms, including, without limitation, Alibaba.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise ("Third Party Service Providers") a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Off-White to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Off-White's Application is hereby **GRANTED** in part, as follows:

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Off-White's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Off-White Marks;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) (hereinafter collectively referred to as "Defendants' Assets") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4) knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Alibaba Group d/b/a Alibaba.com ("Alibaba") payment services (*e.g.*, Alipay.com Co., Ltd., Ant Financial Services), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") (Alibaba, PayPal, Payoneer and PingPong are collectively referred to as the "Financial Institutions") are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Off-White's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(4) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Off-White's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 1506 of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on February 13, 2019 at 11:45 a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Off-White's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before February 8, 2019. Off-White shall file any Reply papers on or before February 12, 2019.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a

11

preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. FRCP 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Off-White's counsel.

### IV. Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore.com, a large mail link created through RPost.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Off-White's Application seeking this Order to Defendants' e-mail addresses, as identified in **Schedule A** or may otherwise be determined; or

2) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and

providing a link to a secure website (such as NutStore.com or a large mail link created through RPost.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Off-White's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within two (2) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(B)** of this Order, but in any event shall be made no later than ten (10) days from the date of this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons in the name of "Baoding Springru Trade Co., Ltd. and all other Defendants identified in the Complaint" that will apply to all Defendants.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay will be able to download a PDF copy of this Order via electronic mail to Mr. Benjamin Bai, Vice President and Chief IP Counsel of Ant Financial Services Group at banjamin.bai@alipay.com and/or Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Jacqueline Ko, Legal Counsel, Alibaba Group at jacqueline.ko@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer will be able to download a PDF copy of this Order via electronic mail to Payoneer's Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer, at Edward.Tulin@skadden.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong will be able to download a PDF copy of this Order via electronic mail to PingPong's Legal Department at xieqt@pingpongx.com and legal@pingpongx.com and Matthew Ball, counsel for PingPong, at Matthew.Ball@khgates.com.

## V. Expedited Discovery

A. IT IS FURTHER ORDERED that no later than January 30, 2019, Plaintiff show cause by letter as to why this Court should grant expedited discovery of Defendants' financial information before the issuance of a preliminary injunction.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Off-White's counsel with a summary report containing identifying and contact information for Defendants, limited to Defendants' true name, physical address, and e-mail addresses, and confirmation of said compliance with this Order.

## VI. Security Bond

A. IT IS FURTHER ORDERED that Off-White shall place security in the amount of $5000 with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII. Sealing Order

A. IT IS FURTHER ORDERED that Off-White's Complaint and exhibits attached thereto, and Off-White's *ex parte* Application and the Declarations of Jessica Arnaiz, Virgil Abloh and Mary Kate Brennan in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(C), III(A) and V(B)** of this Order.

B. Plaintiff shall promptly advise the Court when all Defendants have been served so that the case can be unsealed, but shall submit a status letter regarding service and sealing no later than February 1, 2019.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
January 24, 2019

# SCHEDULE A

| No. | Defendant | Merchant Storefront | User Account | Paypal Account | Alipay Account | Email |
|---|---|---|---|---|---|---|
| 1 | Baoding Spingru Trade Co., Ltd. | https://www.alibaba.com/product-detail/Black-White-Color-Plain-Unisex-Sleeve_60720012482.html | https://springru.en.alibaba.com/ | 1978249246@qq.com | | springrun0211@qq.com |
| 2 | Chi Kangxing Shoes Co., Ltd. | https://www.alibaba.com/product-detail/Children-Sport-Shoes-Boys-Girls-Children_60780967915.html | https://lxbabyshoe.en.alibaba.com/ | | 15858355299 | ona@ckangxing.com |
| 3 | Dongguan City Dandan Garments Co., Ltd. | https://www.alibaba.com/product-detail/Latest-fashion-black-and-white-striped_60534633905.html | https://dandan.en.alibaba.com/ | | | dg168@dgdandan.com |
| 4 | Dongguan City Shengshi Garment Co., Ltd. | https://www.alibaba.com/product-detail/Custom-sweatshirts-no-minimum-mens-striped_60593517975.html | https://ssclothes.en.alibaba.com/ | shengshi88w@163.com | | yongsheng_liu@shengshi688.com |
| 5 | Dongguan Rainbow Touches Garment Co., Ltd. | https://www.alibaba.com/product-detail/2018-AUTUMN-WINTER-WEAR-SCREEN-PRINTING_60793145708.html | https://rainbowtouches02.en.alibaba.com | jasonzhangrainbow@163.com | | sina@rainbowtouches.com |
| 6 | Guangzhou Qian Shi Trade Co., Ltd. | https://www.alibaba.com/product-detail/100-Cotton-Mens-Gym-Custom-Screen_60735121430.html | https://qsgarment.en.alibaba.com | 576979274@qq.com | | 928746313@qq.com |
| 7 | Hangzhou Medo Import And Export Co., Ltd. | https://www.alibaba.com/product-detail/Street-Fashion-Popular-OffWhite-hip_60789039518.html | https://chinamedo.en.alibaba.com | info@china-finearts.com | +86 13586262157, qzy0416@hot | anna@china-finearts.com |
| 8 | Hefei Zhuyun International Trade Co., Ltd. | https://www.alibaba.com/product-detail/220368-wholesale-cheap-striped-ladies-hoodies_60815163281.html | https://hfclothing.en.alibaba.com | | emilygao910@163.com | emilygao910@163.com |
| 9 | Hengxing Caps & Garments Co., Ltd. (Great Career) | https://www.alibaba.com/product-detail/Hip-Hop-Pullover-Black-White-Striped_60340011910.html | https://hfcaps.en.alibaba.com/ | | hengxingsuiqiang@163.com | olov@qianzun.net.cn |
| 10 | Nanchang Dongchu Garments Co., Ltd. | https://www.alibaba.com/product-detail/1855-NEW-OFF-White-warning-line_60817834077.html | https://ncdongchu.en.alibaba.com/ | | 13387083871 | ada@ncdongchu.com |
| 11 | Nanchang Pute Garment Co., Ltd. | https://www.alibaba.com/product-detail/Bulk-Sale-NEW-OFF-White-Coat_60751461094.html | https://ncpute.en.alibaba.com/ | wenqi.lee930@gmail.com | | wenqi.lee930@gmail.com |
| 12 | Quanzhou Binfeng Import And Export Co., Ltd. | https://www.alibaba.com/product-detail/Hot-sale-stylish-comfortable-flying-mesh_60790989153.html | https://binfeng.en.alibaba.com/ | cnjoycezheng@163.com | 13067059705 | sales1@cnbinfeng.com |
| 13 | Quanzhou Carre Bag & Case Co., Ltd. | https://www.alibaba.com/product-detail/2018-Factory-OEM-Canvas-Off-White_60740443811.html | https://carrebag.en.alibaba.com/ | info@carrebags.com, trading2020@163.com, | | carre@carrebags.com |
| 14 | Quanzhou Winner Ecommerce Co., Ltd. | https://www.alibaba.com/product-detail/2017-Factory-wholese-black-hoodie-with_60721122575.html | https://winnerclothes.en.alibaba.com/ | trading2020@163.com | | winnerclothes2@sina.com |
| 15 | Shanghai Chongta Pet Products Co., Ltd. | https://www.alibaba.com/product-detail/Custom-Printing-Logo-Sport-Off-White_60664084341.html | https://chongtapet.en.alibaba.com | | 573970004@qq.com | cindy@chongtapet.com |
| 16 | Suzhou Dreamcolor Textile Co., Ltd. | http://wholesaler.alibaba.com/product-detail/Diagonal-stripes-of-cotton-men-and_60645623198.html | https://dreamtex.en.alibaba.com | 416527650@qq.com | | sunny@szdreamtex.com |
| 17 | Xiamen Huili Beauty Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-Ribbon-Patchwork-Stripe-Hoodies-Pullover_60718487605.html | https://amoybeauty.en.alibaba.com | | , yangzhilong1987@sina.com | Amoybeauty@hotmail.com |
| 18 | Xiamen NAJ Commercial Business Co., Ltd. | http://www.alibaba.com/product-detail/wholesale-stocklot-korean-fashion-elastic-mesh_60799375676.html | https://sunbuilding.en.alibaba.com/ | 44775662@qq.com | | maggie@sunfavor.com |
| 19 | Yiwu Shouchen Ribbon Factory | https://www.alibaba.com/product-detail/Hot-Selling-Off-White-D-Ring_60814077882.html | https://shouchencanvasbelt.en.alibaba.com/ | 547314806@qq.com | | 235243781@qq.com |
| 20 | Yiwu Xizhuo E-Commerce Co., Ltd. | https://www.alibaba.com/product-detail/XZ-Autumn-and-winter-new-off_60807225787.html | https://xizhuo.en.alibaba.com | zhangbusiness1990s@163.com | zhang123min163@163.com | xizhuo03business@163.com |
| 21 | Zhuji Betop Knitting Co., Ltd. | https://www.alibaba.com/product-detail/Street-hip-hop-mens-black-and_60738936680.html | https://betopsocks.en.alibaba.com/ | seven@betopsocks.com | 13587302111 | seven@betopsocks.com |