USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OFF-WHITE LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BAODING SPRINGRU TRADE CO., LTD. *et al.*,<br><br>　　　　　　　　Defendants. | No.　19-CV-674 (RA)<br><br>OPINION ADOPTING REPORT & RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

　　　Plaintiff Off-White LLC initiated this action on January 23, 2019 against 21 Defendants, alleging, among other violations, trademark infringement and counterfeiting under the Lanham Act. Dkt. 10 (Unsealed Complaint). With its complaint, Plaintiff moved *ex parte* for a temporary restraining order ("TRO"), an order restraining assets, an order to show cause why a preliminary injunction should not be issued, an order authorizing alternative service by electronic means, and an order authorizing expedited discovery (collectively, the "Application"). Dkt. 15-19. On February 4, 2019, the Court granted Plaintiff's Application. Dkt. 20. In that same order, the Court scheduled a show cause hearing on February 13, 2019 as to why a preliminary injunction should not be entered against Defendants. *Id.* Plaintiff appeared at that hearing, but Defendants did not. On February 19, 2019, the Court entered a preliminary injunction against all Defendants. Dkt. 23.

　　　On May 10, 2019, Plaintiff requested leave to move for default judgment and a permanent injunction, which the Court granted shortly thereafter. Dkt. 34. Plaintiff obtained a certificate of default from the Clerk of Court on July 17, 2019, Dkt. 38, and subsequently filed its

motion for a default judgment against the remaining 14 Defendants on July 30, 2019, Dkt. 40.[1] On September 4, 2019, the Court ordered Defendants to appear at a show cause hearing scheduled for October 17, 2019.  Once again, Plaintiff appeared, but Defendants did not.  The Court, therefore, granted a default judgment against the remaining Defendants as to Plaintiff's trademark counterfeiting and infringement claims, and entered a permanent injunction against each Defendant.  Dkt. 53.  The action was subsequently referred to Magistrate Judge Cott for an inquest on damages.  Dkt. 54.

On October 22, 2019, Judge Cott ordered Plaintiff to serve and file Proposed Findings of Fact and Conclusions of Law regarding the damages and other relief sought.  Dkt. 55.  He gave Defendants an opportunity to respond to this filing, but Defendants did not do so.  *Id.*  Plaintiff sought $1,400,000 in statutory damages – that is, $100,000 for each of the 14 defaulting Defendants – in addition to post-judgment interest and an Order freezing the defaulting Defendants' assets and transfer of their assets to Plaintiff until the damages award is satisfied. Shortly after submitting its Proposed Findings of Facts and Conclusions of Law, Plaintiff filed a notice of voluntary dismissal with respect to Defendant Baoding Springru Trade Co., Ltd., leaving 13 defaulting Defendants in the action.  *See* Dkt. 61.

On April 3, Judge Cott issued a detailed and well-reasoned 23-page Report & Recommendation (the "Report"), recommending that this Court grant Plaintiff's request for statutory damages in the total amount of $1,300,000, in addition to post-judgment interest.

---

[1] By the time that Plaintiff requested leave to move for default judgment, it had voluntarily dismissed the following seven Defendants: (1) Dongguan City Dandan Garments Co., Ltd, *see* Dkt. 48; (2) Dongguan City Shengshi Garment Co., Ltd, *see* Dkt. 27; (3) Dongguan Rainbow Touches Garment Co., Ltd., *see* Dkt. 49; (4) Hangzhou Medo Import and Export Co., Ltd., *see* Dkt. 29; (5) Hengxing Caps & Garments Co., Ltd, *see id.*; (6) Suzhou Dreamcolor Textile Co., Ltd.*, see* Dkt. 51; and (7) Yiwu Xizhuo E-Commerce Co., Ltd., *see* Dkt. 50.
    Plaintiff's motion for default judgment stated that it sought damages from 26 Defendants.  As the Report noted, that "appears to be a typographical error."  Rpt. at 4 n.3.

2

Specifically, he recommended that Plaintiff "be awarded statutory damages in the amount of $100,000 against each of the remaining 13 Defaulting Defendants[.]" Rpt. at 22. Judge Cott also recommended that "an Order be entered freezing each Defaulting Defendant's assets and authorizing the release and transfer of those assets to Off-White until the monetary judgment against the respective Defaulting Defendant is satisfied." *Id*. Neither party has filed objections to the Report.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "The district court may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions sets forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotations omitted). "When no objections are filed to an R&R, a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." *Santos v. City of New York*, No. 10-CV-3159 (JPO), 2012 WL 565987, at *1 (S.D.N.Y. Feb. 21, 2012). Finally, "if as here, the . . . magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (internal citations omitted).

---

[2] According to the docket, on April 3, Plaintiff served a copy of the Report, "pursuant to the alternative methods of service authorized by the TRO and [preliminary injunction] Order, . . . on each and every Defaulting Defendant." Dkt. 63.

As no objections to the Report were filed, the Court has reviewed Judge Cott's Report for clear error and found none.  The Report is thus adopted in its entirety.  Accordingly, Plaintiff is awarded statutory damages in the total amount of $1,300,000, plus post-judgment interest, as well as an Order freezing the assets of Defendants and authorizing the release and transfer of those assets to Plaintiff until the monetary judgment is satisfied.

The Clerk of Court is respectfully directed to terminate any pending motions and close the case.

SO ORDERED.

Dated:   June 8, 2020
        New York, New York

Ronnie Abrams
United States District Judge